IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY ABBOTT,                          )
                                      )      2:08-cv-445-GEB-DAD
                    Plaintiff,        )
                                      )
        v.                            )      ORDER<sup>*</sup>
                                      )
CHRIS OKOYE,                          )
                                      )
                    Defendant.        )
_____)

        Defendant Chris Okoye ("Okoye") moves to dismiss Plaintiff
Mary Abbott's ("Abbott") Complaint for lack of subject matter
jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1),
and for failure to state a claim upon which relief may be granted
under Rule 12(b)(6).  Abbott alleges in her Complaint that Okoye
wrongly obtained a default judgment against her in California state
court in violation of a settlement agreement they entered in a Nevada
lawsuit.  Okoye argues Abbott's Complaint is barred by the Rooker-
Feldman doctrine and res judicata.

///

_____

        <sup>*</sup>    This motion was determined to be suitable for decision without
oral argument.  L.R. 78-230(h).

1

1                          <u>PLAINTIFF'S FACTUAL ALLEGATIONS</u>

2              Okoye sued Abbott in Nevada state court in 2005 ("the Nevada

3  action").  (Compl. ¶ 11.)  Abbott and Okoye settled the Nevada action

4  by written settlement agreement in September 2005.  (<u>Id.</u> ¶ 12.)  In

5  October 2005, Okoye sued Abbott in California state court ("the

6  California action") alleging essentially the same claims that were

7  alleged in the Nevada action.  (<u>Id.</u> ¶ 13.)  Abbott was personally

8  served with Okoye's complaint, but failed to respond.  (<u>Id.</u> ¶ 14.)

9  The California superior court entered a default judgment in favor of

10 Okoye in January 2006.  <u>Okoye v. Abbott</u>, 2007 WL 3317948, *1 (Cal.

11 Sup. Ct. Nov. 9, 2007).[1]  Abbott moved to set aside the default

12 judgment.  (Compl. ¶ 16.)  The California superior court granted the

13 motion in October 2006, after first denying it by minute order in July

14 2006.  <u>See Okoye</u>, 2007 WL 3317948, at *1-2.  Okoye appealed the

15 court's October 2006 order in which the default judgment was set

16 aside, and the California Court of Appeal subsequently vacated that

17 order and reinstated the default judgment against Abbott.  <u>See id.</u> at

18 *2-4.

19             Abbott filed the instant federal court action on February

20 26, 2008, in which five claims are alleged: (1) a breach of contract

21 claim, asserting Okoye breached the September 2005 settlement

22 agreement by instituting the California action; (2) an "equitable

23 relief" claim, requesting the default judgment in the California

24 action be voided; (3) a declaratory relief claim, declaring the

25 California default judgment void; (4) a money had and received claim,

26 seeking damages in the amount of the sums Okoye has already recovered

27

28         [1]   The California Court of Appeal decision in that case is
   citable here under California Rules of Court 8.1115(a)(1).

1  by executing upon the default judgment; and (5) an injunctive relief
2  claim, requesting Okoye be enjoined from further executing upon the
3  California default judgment.

4                              DISCUSSION

5          Okoye seeks dismissal of Abbott's Complaint in this federal
6  action under Rule 12(b)(1), arguing that the Rooker-Feldman doctrine
7  deprives the district court of subject matter jurisdiction over
8  Abbott's Complaint.  (Mot. at 5:25-6:20.)

9          The Rooker-Feldman doctrine applies to those cases "brought
10 by state-court losers complaining of injuries caused by state-court
11 judgments rendered before the district court proceedings commenced and
12 inviting district court review and rejection of those judgments."
13 Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 280, 284 (2005);
14 see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of
15 App. v. Feldman, 460 U.S. 462 (1983).  "If a federal plaintiff asserts
16 as a legal wrong an allegedly erroneous decision by a state court, and
17 seeks relief from a state judgment based on that decision, Rooker-
18 Feldman bars subject matter jurisdiction in federal district court."
19 Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003).

20         Abbott argues the Rooker-Feldman doctrine does not apply
21 since the default judgment is not final, as the time for appeal has
22 not passed.  (Opp'n at 7:1-15.)  Abbott alleges that, following the
23 Court of Appeal decision in the California action, she filed a motion
24 in the California superior court to reinstate the October 2006 order
25 setting aside the default judgment.  (Compl. ¶ 21.)  This motion was
26 denied, and Abbott argues the time for appeal of this denial decision
27 has not expired.  (Id.)  However, following the Court of Appeal
28 decision the superior court had jurisdiction "only to carry out the

judgment as ordered by the appellate court." <u>People v. Dutra</u>, 145
Cal. App. 4th 1359, 1366 (2006).  The California Court of Appeal held
that "the superior court's October 18, 2006 [ruling setting aside
default judgment] . . . is hereby vacated, and its July 27, 2006
minute order denying [Abbott's] motion to [set aside] the default
judgment is reinstated."  <u>Okoye</u>, 2007 WL 3317948, at *4.  This
decision reveals that the default judgment entered against Abbott is
final.

        Abbott also argues the <u>Rooker</u>-<u>Feldman</u> doctrine does not
apply since "[n]one of the claims and theories advanced by [Abbott]
here was ever considered by the California State Court."  (Opp'n at
8:17-19.)  Abbott further argues the <u>Rooker</u>-<u>Feldman</u> doctrine does not
apply since the harm of which she complains was caused by Okoye, not
by the California superior court.  (Opp'n at 9:1-19.)  However, the
doctrine applies where "the source of the injury is the state court
decision."  <u>Raymond v. Moyer</u>, 501 F.3d 548, 551 (6th Cir. 2007)
(quoting <u>Abbott v. Michigan</u>, 474 F.3d 324, 328 (6th Cir. 2007)).
Here, the source of the injury on which each of Abbott's claims is
based is the state court default judgment.  Abbott alleges in her
breach of contract claim that she was damaged in the amount of the
default judgment obtained against her; thus, the source of her alleged
injury was the default judgment.  (Compl. ¶ 25.)  Likewise, Abbott
alleges in her money had and received claim that Okoye was unjustly
enriched since he has begun executing upon the default judgment.  (<u>Id.</u>
¶ 36.)  "[I]f a [defendant's] actions are the product of a state court
judgment, then a plaintiff's challenge to those actions [is] in fact a
challenge to the judgment itself."  See <u>McCormick v. Braverman</u>, 451
F.3d 382, 394 (6th Cir. 2006).  Further, the source of the injury

alleged in Abbott's claims for "equitable relief" from the default judgment, declaratory relief, and injunctive relief is the default judgment which she alleges is void.  (Compl. ¶¶ 28-29, 32-33, 39.) Thus, each of Abbott's claims impermissibly challenges in this federal district court the state court default judgment.

Accordingly, Okoye has shown that the Rooker-Feldman doctrine bars Abbott's Complaint.

CONCLUSION

For the foregoing reasons, Okoye's motion to dismiss Abbott's Complaint under Rule 12(b)(1) is granted.

IT IS SO ORDERED.

Dated:  April 30, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge