FILED

JAN 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY ABBOTT,<br><br>  Plaintiff - Appellant,<br><br>v.<br><br>CHRIS OKOYE,<br><br>  Defendant - Appellee. | No. 08-16237<br><br>D.C. No. 2:08-cv-00445-GEB-DAD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted January 15, 2010
San Francisco, California

Before:  NOONAN, HAWKINS and M. SMITH, Circuit Judges.

Mary Abbott ("Abbott") appeals the district court's adverse summary judgment grant, arguing the district court erred in finding that the *Rooker-Feldman* doctrine barred jurisdiction over her claims. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"The *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007).  As the Supreme Court has explained, we must construe *Rooker-Feldman* narrowly, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), and the doctrine "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment," *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

With the exception of the breach of contract claim, the district court correctly found *Rooker-Feldman* barred Abbott's claims.  In her other claims, Abbott sought "equitable relief from the default judgment in California," requested the district court order the "default judgment be set aside and held a nullity," urged the district court to find the California judgment "void and/or voidable, null and . . . set aside," and argued Okoye was unjustly enriched because of the state court judgment.

Though we recognize the narrowness of the *Rooker-Feldman* doctrine, all of these claims fall squarely within the *Rooker-Feldman* prohibition against de facto appeals.  The request for relief is unambiguous, essentially "inviting district court review and rejection" of a state court judgment. *Exxon Mobil Corp.*, 544 U.S. at 284;

*see also Henrichs*, 474 F.3d at 614-16 ("A request to declare the state court judgment void seeks redress from an injury caused by the state court itself." (citation omitted)).

Abbott's breach of contract claim would also be barred by *Rooker-Feldman* if "inextricably intertwined" with the state court decision. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). We conclude it is not. The contract, the settlement reached on the remaining viable Nevada claim, was allegedly breached when Okoye filed suit on that same claim in California. Simply because the measure of damages Abbott seeks by her breach of contract claim equals what Okoye recovered under the California judgment does not make the breach of contract claim "inextricably intertwined" with the state court judgment. *See Kougasian*, 359 F.3d at 1140.

In other words, "[a]t first glance, a federal suit alleging a cause of action for" breaching a settlement agreement by filing "a state court [action] might appear to come within the *Rooker-Feldman* doctrine," but "[a] plaintiff alleging [breach of a settlement agreement] is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party." *Id.* at 1140-41 (citation omitted).

Abbott's breach of contract claim is not barred by California preclusion law. The suit is not res judicata because "California law defines a cause of action by focusing on the 'primary right' at stake." *Tensor Group v. City of Glendale*, 17 Cal. Rptr. 2d 639, 642 (Ct. App. 1993) (internal quotation marks omitted). The injury to

3

Okoye from Abbott's fraudulent transfer, and the alleged injury to Abbott from Okoye's purported breach of contract, do not implicate the same right, and the action thus does not seek to relitigate the same cause of action. *See id.*

Abbott did not forfeit her claim for breach of contract by failing to plead it as a defense in the California action because California's usual compulsory cross-claim statute does not apply where "[t]he person who failed to plead the related cause of action did not file an answer to the complaint against him." Cal. Civ. Proc. Code § 426.30(b)(2) (2004).

Nor does California collateral estoppel doctrine bar Abbott's breach of contract claim. The judgment against her was a default judgment and the complaint and order in the California action show no consideration of, nor the state court's need to implicitly consider, the purported effect of the settlement agreement. *See Gottlieb v. Kest*, 46 Cal. Rptr. 3d 7, 34 (Ct. App. 2006) (default judgment with express findings); *Four Star Elec., Inc. v. F & H Constr.*, 10 Cal. Rptr. 2d 1, 3 (Ct. App. 1992) (quoting *Mitchell v. Jones*, 342 P.2d 503, 586-87 (Cal. Ct. App. 1959)).

**AFFIRMED in part. VACATED and REMANDED in part.** Each party shall bear its own costs and fees on this appeal.