Michael K. Johnson, Esq. (SB#199021)
ROLLSTON, HENDERSON,
CRABB & JOHNSON, LTD.
591 Tahoe Keys Blvd, Ste. D8
South Lake Tahoe, CA 96150
Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ABBOTT | Case No. 2:08-CV-00445-GEB-DAD |
| Plaintiff, | ANSWER |
| vs. | |
| CHRIS OKOYE | |
| Defendant. | |

Defendant CHRIS OKOYE ("OKOYE"), by and through his attorney MICHAEL K. JOHNSON, hereby answers Plaintiff MARY ABBOTT's ("ABBOTT") Complaint as follows:

1. OKOYE is without sufficient information upon which to form a belief as to the truth or falsity of the allegations and averments in paragraph 1, 3 and 4 and therefore denies same.

2. OKOYE admits the allegations within said paragraphs 2, 6, 7, 10, 15, 20, and 21.

3. OKOYE denies each and every allegation contained within said paragraph 5, although Defendant admits that the domesticated Nevada judgment was not renewed within six (6) years of its issuance.

4. As to paragraph 8, OKOYE admits that clients of George Abbott owed him a legal fee, but deny each and every remaining allegation and averment..

5. As to paragraph 9, OKOYE admits that George Abbott transferred such funds to a

third party without consideration, but deny each and every remaining allegation and averment.

6. As to paragraph 11 OKOYE admits that the Nevada District Court entered an order, the terms of which speak for itself, but deny each and every remaining allegation and averment.

7. As to paragraph 12 OKOYE admits the existence of the referenced document, the terms of which speak for themselves, but deny each and every remaining allegation and averment.

8. OKOYE admits the existence of El Dorado County Superior Court lawsuit which allege, inter alia, the violation of the uniform fraudulent transfer act, but deny further characterizations in said paragraph 13.

9. OKOYE admits that personal service on George and Mary Abbott and entry of a default following their failure to timely respond, but deny each and every remaining allegation and averment in paragraph 14.

10. OKOYE admits that the Abbotts sought to set aside the default and default judgments, but deny each and every remaining allegation and averment in paragraph 16.

11. OKOYE denies each and every allegation contained within said paragraphs 17, 18, and 19.

12. OKOYE admits to domestication of the California Judgment, but deny each and every remaining allegation within paragraph 22.

13. As to paragraph 23, OKOYE answers paragraphs 1 through 22 in the same manner as he responded above to those allegations incorporated by those paragraphs in ABBOTT's Complaint, and likewise incorporates his responses into those allegations as if set forth in full.

14. OKOYE denies each and every allegation contained within paragraphs 24 through 26.

15. As to paragraph 27, OKOYE answers paragraphs 1 through 26 in the same manner as he responded above to those allegations incorporated by those paragraphs in ABBOTT's Complaint, and likewise incorporates his responses into those allegations

1       as if set forth in full.
2  16.  OKOYE denies each and every allegation contained within paragraphs 28 through 30.
3  17.  As to paragraph 31, OKOYE answers paragraphs 1 through 30 in the same manner
4       as he responded above to those allegations incorporated by those paragraphs in
5       ABBOTT's Complaint, and likewise incorporates his responses into those allegations
6       as if set forth in full.
7  18.  OKOYE denies each and every allegation contained within paragraphs 32 through 34.
8  19.  As to paragraph 35, OKOYE answers paragraphs 1 through 34 in the same manner
9       as he responded above to those allegations incorporated by those paragraphs in
10      ABBOTT's Complaint, and likewise incorporates his responses into those allegations
11      as if set forth in full.
12 20.  OKOYE denies each and every allegation contained within paragraphs 36 and 37.
13 21.  As to paragraph 38, OKOYE answers paragraphs 1 through 37 in the same manner
14      as he responded above to those allegations incorporated by those paragraphs in
15      ABBOTT's Complaint, and likewise incorporates his responses into those allegations
16      as if set forth in full.
17 22.  OKOYE deny each and every allegation contained within paragraph 39 and all
18      remaining allegations and averments.

## AFFIRMATIVE DEFENSES

Defendant is informed and believes and therefore alleges the following as affirmative defenses to plaintiff's Complaint:

1. **Failure to State a Claim.**  Plaintiff's Complaint fails to state a claim upon which this Court can grant relief.

2. **Failure to Name a Party**.  Plaintiff failed to name an indispensable party whose presence is necessary for a full and complete adjudication of this action.

3. **Statute of Limitations**

Plaintiff failed to commence an action in this matter within the prescribed periods of limitations and therefore, plaintiff's action is barred by the statute of limitations and no

recovery may be had.

4. **Laches**.  Plaintiff's Complaint is barred based on the doctrine of laches in that plaintiff failed to timely and reasonably bring the Complaint.

5. **Waiver**.  Plaintiff's conduct constitutes a waiver of any remedy she may be entitled to under the allegations of the Complaint.

6. **Estoppel-Contract**.  Any alleged contract or agreement between plaintiff and defendant is barred by the doctrine of estoppel.

7. **Estoppel-Conduct**.  Plaintiff's conduct bars this action on the basis of the doctrine of estoppel.

8. **Statute of Frauds**.  Any alleged contract entered into between plaintiff and defendant is barred by the statute of frauds and/or the Nevada District Court Rule 16.

9. **Breach of Contract**.  If any contract or agreement did exist between plaintiff and defendant, plaintiff breached it prior to any alleged breach by defendant, including plaintiff's breach of the implied covenant of good faith and fair dealing.

10. **Setoff**.  The damages plaintiff alleges to have suffered are subject to various set offs.

11. **Accord and Satisfaction**.  The relief plaintiff seeks is barred by the doctrine of accord and satisfaction.

12. **Lack of Jurisdiction**.  This court lacks jurisdiction to consider plaintiff's Complaint.

13. **Res Judicata**.  This action is barred by the doctrine of res judicata, collateral estoppel and/or the law of the case.

14. **Economic Loss Doctrine**.  Any damage or loss plaintiff alleges is purely an economic loss and therefore, any recovery by plaintiff is subject to the limitations under the economic loss doctrine.

15. *FRCP* **Rule 11**.  Pursuant to *FRCP* 11, at the time of filing this Answer, defendant may not have alleged all possible affirmative defenses because insufficient facts and/or other relevant information may not have been available to him after all reasonable inquiry and therefore, defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent inquiry and/or investigation

warrants it.

16. This court has already dismissed all but one of plaintiff's claims for relief (breach of contract), and such dismissal has been affirmed by the Ninth Circuit Court of Appeals.

**WHEREFORE**, defendant respectfully request relief from the court as follows:

1. Plaintiff's complaint be dismissed and that she take nothing thereby;
2. For determination and declaration that the fraudulent transfer judgment entered against Plaintiff in California State Court remains valid, enforceable and/or unaffected by the instant action.;
3. For recovery of attorney's fees and cost of suit;
4. For such other further relief as the Court deems just and equitable.

DATED: March 24, 2010.

/s/ Michael K. Johnson
MICHAEL K. JOHNSON, ESQ.
ROLLSTON, HENDERSON,
CRABB & JOHNSON, LTD.
Attorneys for Defendant

# PROOF OF SERVICE
*As Authorized by Code of Civil Procedure*, §1013

## UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

**CASE NAME:**     ***Abbott v. Okoye***

**CASE NO.:**        **2:08 CV-00445**

Pursuant to *California Code of Civil Procedure*, §1013(a), I hereby certify I am over 18 years of age, a US citizen, not an interested party to this action and that my business address is 591 Tahoe Keys Blvd., Suite D8, South Lake Tahoe, CA 96150.

On March 25, 2010, I served two (2) copies of the Answer to each party listed below, in the manner so marked.

**NAME/ADDRESS**

E. John Vodonick
P.O. Box 763
Nevada City, CA 95959
(530) 687-6304

**(X) US MAIL**
I placed the Document(s) in a sealed envelope fully prepaid in the US Mail in South Lake Tahoe, California. (*CCP* §1013(a))

**( ) US EXPRESS MAIL**
I placed each Document in a sealed Express Mail envelope fully prepaid in the US mail in South Lake Tahoe, California. (*CCP* §1013(c))

**( ) UPS NEXT DAY AIR**
I placed each Document in a sealed UPS Next Day Air envelope, fully prepaid, with UPS Drop deposit, Tracking number 1ZF73 5E3 22 1000 262. (*CCP* §1013(c))

**( ) FACSIMILE SERVICE**
After obtaining written agreement for facsimile service, I placed each document into a facsimile machine for transmission. The transmission was reported complete and without error. (*CCP* §1013(e))

**( ) PERSONAL SERVICE**
I personally delivered to and left copies of each

Document described above with _____ on the date set forth above at _____ __.M. (*CCP* §415.10)

**(X) STATE**
I declare under penalty of perjury, under California law the above is true and correct.

**(X ) FEDERAL**
I declare I am employed in the office of a bar member of this court at whose direction I made service.

Executed on the date set forth above.

/s/ Ellie Cook
Ellie Cook