Michael K. Johnson, Esq. (SB#199021)
ROLLSTON, HENDERSON,
CRABB & JOHNSON, LTD.
591 Tahoe Keys Blvd, Ste. D8
South Lake Tahoe, CA 96150
Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ABBOTT<br><br>    Plaintiff,<br><br>vs.<br><br>CHRIS OKOYE<br><br>    Defendant. | Case No. 2:08-CV-00445-GEB-DAD<br><br>REPLY TO PLAINTIFF'S OPPOSITION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Defendant CHRIS OKOYE ("Okoye"), by and through his attorney MICHAEL K. JOHNSON, and hereby replies to plaintiff's opposition re defendant's motion for summary judgment as follows:

1. **Plaintiff's Brief Erroneously Describes Both the Nevada Court's Order as Well as the Settlement Agreement Which References It.**

Plaintiff claims "the entire [Nevada] case [had] been dismissed" and that there had been a "dismissal with prejudice of the entire case". (Opposition pg 10, line 19; pg 3, lines 16-17. See also pg 10, lines 7-8, pg 11, lines 5-6, pg 13, line 23.) Neither the Settlement Agreement nor the June 16, 2005 order referenced in the Settlement Agreement does any such thing. The Settlement Agreement is very clear that the claim for civil conspiracy is the "sole remaining claim" to be dismissed. Neither the claim for fraudulent transfer, nor any other claim, was to be dismissed per the Settlement Agreement. In fact, with regard to the

1
Reply to Plaintiff's Opposition re Motion for Summary Judgment

claim for fraudulent transfer, the court effectively adjudicated that claim in Okoye's favor as follows:

> "[T]he court hereby GRANTS Okoye's Motion for Summary Judgment, in part, with respect to the claim for fraudulent transfer, but declines to order the relief requested, as there seems to be no legal or equitable theories for recovery of the transferred sum." (Pg 10, lines 17-20 of Nevada District Court Order, dated June 16, 2005).

Not only did Okoye not agree to dismiss the fraudulent transfer claim, the court also specifically declined to dismiss it. ("the court GRANTS Abbott's motion to dismiss with regard to all causes of action against him except the fraudulent transfer and civil conspiracy claims". Pg 10 lines 21-23.)

The settlement agreement is very specific in causing the court's order of summary judgment regarding the fraudulent transfer claim to constitute the final order and judgment of the court. A dismissal of that claim, either with prejudice or without, would not have armed Okoye with the res judicata effect of that finding in future litigation. The Nevada court did more than merely rule that Okoye had no remedy for the fraudulent transfer in Nevada; it went so far as to state that "Okoye retains a valid claim in another jurisdiction." That Okoye retained the right to pursue such a claim was very clearly implied, if not expressly stated by the Nevada court. Plaintiff attempts to diminish the effect of the Nevada court's ruling by characterizing it as being merely "dicta". However, plaintiff specifically agreed that the granting of summary judgment (in part) should be the final order of the court.

**2.     Plaintiff's Arguments That the Nevada Judgment Was Erroneous And/or the California Action Was Barred by Res Judicata Are Irrelevant.**

Plaintiff apparently wishes to relitigate some of the findings made by the Nevada court in its June 16, 2005 order. Plaintiff specifically agreed that that order should "be entered as the final judgment and order of [that] Court", and she did not appeal a portion of that order. There is no mechanism to challenge the findings of that order more than five (5) years after it was entered.

Similarly, plaintiff contends that the doctrine of res judicata should have precluded

entry of a judgment against her in the California Superior Court case. Plaintiff could have claimed this as an affirmative defense to the California Superior Court action, but did not. Further, similar arguments advanced by plaintiff were previously rejected by this court (and the 9th Circuit Court of Appeals) as being precluded by Rooker-Feldman doctrine.

Okoye is certainly barred from bringing another fraudulent transfer action in Nevada based on the same conduct, as the Nevada court already ruled that it could not grant any relief, notwithstanding the finding of a fraudulent transfer. There is no such bar to an action in California – in fact the Nevada court essentially suggested that Okoye seek a remedy there.

### 3. There Was No Agreement Not to Pursue Okoye's Valid Claim in Another Jurisdiction.

The Nevada court was very clear that plaintiff had committed a fraudulent transfer. In fact, it granted Okoye's motion for summary judgment on that issue, but noted that there is no theory of recovery for the transferred sum, yet stated a valid claim remained in another jurisdiction. Even if, *arguendo*, the fraudulent transfer claim had been dismissed in plaintiff's favor, rather than summarily adjudicated in Okoye's, such dismissal would not have contractually precluded a future action. The settlement agreement was signed Mr. Okoye's attorney, but not Mr. Okoye. While an attorney has the authority "to bind his client in <u>procedural</u> matters in any of the steps of an action or proceeding" (emphasis added), plaintiff cannot claim that such authority extends to <u>substantive</u> contractual matters. Nevada Supreme Court Rule 45.

Plaintiff does not contend that any agreement not to sue was explicitly reached. Rather, she merely contends that she "wanted to buy [her] peace." and "believed" she would not be sued again. "The parol evidence rule forbids the reception of evidence which would vary or contradict the contract, since all prior negations and agreements are deemed to have merged therein". <u>Kaldi v. Farmers Ins. Exch.</u>, 117 Nev 273, 281; 21 P. 3d 16 (2001). Further, "the court has no authority to alter the terms of an unambiguous contract". <u>Canfora</u>

v. Coast Hotels & Casinos, Inc., 121 Nev 771, 776; 121 P. 3d 599 (2005).

In the case cited by plaintiff, Winchester Drive-in Th. v. Warner Bros. Pic, 358 F. 2d. 6432 (9th Circuit 1966), a form of covenant not to sue was actually prepared. The Winchester court assumed for "*arguendo*" purposes that the contract of settlement impliedly include a covenant not to sue, a reasonable assumption where such a document was actually prepared. Winchester does not hold, however, that every agreement providing for settlement of a case necessarily includes a covenant not to sue. "A covenant not to sue is a formal agreement or promise 'in which a party having a right of action agrees not to assert that right in litigation.'" Ricciardi v. Electronic Data Systems Corp., No. 03-5285, 2007 U.S. Dist. LEXIS 11758, 2007 WL 576323, at * 5 n. 3 (E.D. Pa. Feb. 20, 2007) (quoting Blacks Law Dictionary 369 (7th ed. 1999)). Courts are loathe to impose limitations or restrictions upon the parties which are not expressly contained in their agreement or which do not arise by necessary implication. Republic Pictures Corp. v. Rogers, 213 F.2d. 662, 665 (9th Circuit 1954). Nevada law is even more concise: had the parties "agreed not to sue, the agreement would have so stated." American Bank Stationery v. Farmer, 106 Nev. 698, 704, 799 P.2d 1000 (1999). Plaintiff contends "nothing within the settlement agreement in any way intimates that it was anything other than a settlement agreement with an attendant implied covenant not to sue". (Opposition, pg 7, lines 11-14.) Not only is this analysis misleading, it is factually incorrect. Because the judgment referenced in the settlement agreement makes specific reference to a "valid claim in another jurisdiction", and does not result in a dismissal of that claim, that claim survives in another jurisdiction. This is particularly true where another claim is actually dismissed, which was a mechanism the parties could have used to dispose of the fraudulent transfer claim.

///
///
///
///

4

Reply to Plaintiff's Opposition re Motion for Summary Judgment

**4.  Conclusion.**

Because there is no dispute of material fact, and because Okoye was not contractually precluded from suing on his "valid claim in another jurisdiction", Okoye's motion for summary judgment should be granted.

DATED: August 5, 2010.

MICHAEL K. JOHNSON, ESQ.
ROLLSTON, HENDERSON,
CRABB & JOHNSON, LTD.
Attorneys for Defendant

# PROOF OF SERVICE
*As Authorized by Code of Civil Procedure, §1013*

### UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

**CASE NAME:** *Abbott v. Okoye*

**CASE NO.:** 2:08 CV-00445

Pursuant to *California Code of Civil Procedure*, §1013(a), I hereby certify I am over 18 years of age, a US citizen, not an interested party to this action and that my business address is 591 Tahoe Keys Blvd., Suite D8, South Lake Tahoe, CA 96150.

On August 6, 2010, I served two (2) copies of Reply to Plaintiff's Opposition re Motion for Summary Judgment to each party listed below, in the manner so marked.

**NAME/ADDRESS**

E. John Vodonick
P.O. Box 763
Nevada City, CA 95959
(530) 687-6304

**(X) US MAIL**
I placed the Document(s) in a sealed envelope fully prepaid in the US Mail in South Lake Tahoe, California. (*CCP* §1013(a))

**( ) US EXPRESS MAIL**
I placed each Document in a sealed Express Mail envelope fully prepaid in the US mail in South Lake Tahoe, California. (*CCP* §1013(c))

**( ) UPS NEXT DAY AIR**
I placed each Document in a sealed UPS Next Day Air envelope, fully prepaid, with UPS Drop deposit, Tracking number 1ZF73 5E3 22 1000 262. (*CCP* §1013(c))

**( ) FACSIMILE SERVICE**
After obtaining written agreement for facsimile service, I placed each document into a facsimile machine for transmission. The transmission was reported complete and without error. (*CCP* §1013(e))

**( ) PERSONAL SERVICE**
I personally delivered to and left copies of each Document described above with _____ on the date set forth above at _____ .M. (*CCP* §415.10)

**(X) STATE**
I declare under penalty of perjury, under California law the above is true and correct.

**(X) FEDERAL**
I declare I am employed in the office of a bar member of this court at whose direction I made service.

Executed on the date set forth above.

*Ellie Cook*