IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Mary Abbott, | ) | |
| | ) | 2:08-cv-00445-GEB-DAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION FOR SUMMARY JUDGMENT* |
| Chris Okoye, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant moves for summary judgment under Federal Rule of Civil Procedure 56 on Plaintiff's breach of contract claim. The motion concerns whether the terms of a settlement agreement entered into between the parties in a Nevada state court proceeding precluded Defendant from subsequently filing a related lawsuit in California state court. Defendant argues they did not; therefore, no breach of contract has occurred. For the reasons stated below, Defendant's summary judgment motion is GRANTED.

## I.   LEGAL STANDARD

A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If this burden is satisfied, "the non-moving party must set forth, by affidavit or as

---

* This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

otherwise provided in [Federal] Rule [of Civil Procedure] 56, specific facts showing that there is a genuine issue for trial." <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987)(quotations and citation omitted)(emphasis omitted). All reasonable inferences that can be drawn from the evidence "must be drawn in favor of the non-moving party." <u>Bryan v. McPherson</u>, 608 F.3d 614, 619 (9th Cir. 2010).

When the defendant is the moving party and is seeking summary judgment on one or more of plaintiff's claims,

> "[The defendant] has both the initial burden of production and the ultimate burden of persuasion on [the motion]. In order to carry its burden of production, the [defendant] must either produce evidence negating an essential element of the [plaintiff's claim] or show that the [plaintiff] does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. In order to carry its ultimate burden of persuasion on the motion, the [defendant] must persuade the court that there is no genuine issue of material fact."

<u>Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000)(citations omitted).

## II. REQUEST FOR JUDICIAL NOTICE

Plaintiff requests judicial notice be taken of multiple documents that were filed in Nevada and California state court proceedings between the parties. (Pl.'s Req. for Jud. Notice in Opp. to Mot. for Summ. J. ("RJN"), Ex. A; SUF #3.) Defendant filed a Statement of Non-Opposition to this request.

A district court may take judicial notice of a fact that is "not subject to reasonable dispute" because "it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose

accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).
"[P]roceedings in other courts, both within and [outside of] the federal
judicial system, if [they] have a direct relation to matters at issue"
may be judicially noticed.  <u>United States ex rel. Robinson Rancheria
Citizens Council v. Boreno, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992)
(taking judicial notice of California Superior Court decision).  Since
the documents sought to be judicially noticed are directly related to
this action, Plaintiff's request for judicial notice is granted.

### III. UNDISPUTED FACTS

Defendant obtained a $351,102 judgment for legal malpractice
against George Abbott in October of 1991. (Pl.'s Resp. to Def.'s
Statement of Undisputed Facts ("SUF") #1.) Defendant registered the
judgment in Nevada, but "let it lapse." (<u>Id</u>. 2.)  Defendant renewed the
judgment in California in 1998, where it remains valid and unsatisfied.
(RJN, Ex. A; SUF #3.)

In 2005, George Abbott received $501,267.55 in legal fees from
a Nevada probate proceeding, and he assigned those funds to the Abbott
Family Trust, of which Plaintiff is the trustee. (<u>Id</u>. 4.) Defendant then
commenced an action in Nevada against Plaintiff, George Abbott, and the
Abbott Family Trust (the "Abbotts") alleging fraudulent transfer, civil
conspiracy, and other claims. (<u>Id</u>. 5.) Defendant moved for summary
judgment in the Nevada proceeding, and the Abbotts moved to dismiss the
Complaint. (RJN, Ex. D 1:16-23.) The Nevada court granted Defendant's
summary judgment motion on his fraudulent transfer claim but declined to
order the relief requested since the Nevada state judgment had expired.
(<u>Id</u>. 10:16-20; SUF #6.) The Nevada court also granted the Abbott's
dismissal motion except as to Defendant's fraudulent transfer and civil
conspiracy claims, and held, inter alia: "the cause of action for civil

conspiracy and its attendant damages remain the only trial issues in this case." (Id. 9:12-14, 10:21-23.)

After the Nevada court ruled on the parties' respective motions, the parties executed, and the court entered, a "Stipulation for Settlement; Order Thereon" (the "Settlement Agreement"), which was filed on September 14, 2005. (RJN, Ex. E.)  The Settlement Agreement contains the following four provisions:

> 1.   The court's order of summary judgment dated June 16, 2005 shall be entered as the final judgment and order of this Court.
>
> 2.   The sole remaining claim unresolved by the Court's order of summary judgment, civil conspiracy, shall be dismissed, with prejudice, upon payment of $2,000.00 from the Abbotts to Mr. Okoye. In Signing this Stipulation and making the payment, the Abbotts make no admission that they actually engaged in a civil conspiracy and the Court makes no finding with regard to that claim.
>
> 3.   The November 1, 2005 trial date is hereby vacated in accordance with the foregoing.
>
> 4.   Each party agrees to pay their own attorney's fees and costs.

(Id.)  The $2,000 was paid, and Defendant dismissed the remainder of the Nevada court case.  (SUF #11.)

Defendant commenced a new action against the Abbotts in California state court alleging fraudulent transfer and other claims approximately one month after dismissing the Nevada litigation.  (RJN, Ex. F.) Defendant obtained default judgments against the Abbotts in the California action in January of 2006. (RJN, Ex. H.) The Abbotts challenged the default judgments, which were ultimately upheld by the California Court of Appeal. (Pl.'s Compl. ¶¶ 16-21; SUF #14.)

1    Plaintiff then filed the instant federal action, in which she
2    alleges five state law claims. (Pl.'s Compl.) Defendant moved to dismiss
3    Plaintiff's Complaint for lack of subject matter jurisdiction under
4    Federal Rule of Civil Procedure ("Rule") 12(b)(1), and for failure to
5    state a claim under Rule 12(b)(6).  (Def.'s Mot. to Dismiss, ECF 6.)
6    Defendant's dismissal motion for lack of subject matter jurisdiction was
7    granted on April 30, 2008, based upon the Rooker-Feldman doctrine.
8    (Order May 1, 2008, ECF 10.) Plaintiff appealed the dismissal order,
9    which the Ninth Circuit affirmed in part, and vacated and remanded in
10   part. Abbott v. Okoye, 364 Fed.Appx. 327 (9th Cir. 2010). The Ninth
11   Circuit held the Rooker-Feldman doctrine barred all of Plaintiff's
12   claims except her breach of contract claim. Id.

13                          **IV.  DISCUSSION**

14    The parties dispute whether or not Defendant breached the
15   Settlement Agreement by filing a subsequent action in California state
16   court. Defendant argues "there is simply no provision within [the
17   Settlement Agreement] which in any way precluded [him] from pursuing
18   [his] fraudulent transfer claim in a California court;" therefore, no
19   breach of contract has occurred. (Def.'s Mem. of P.&A. in Supp. of Mot.
20   for Summ. J. ("Mot.") 6:1-2, 7:4-6.) Plaintiff rejoins that she
21   "believed" that by entering into the Settlement Agreement, "the case was
22   settled forever, and she would not be exposed to [future]
23   litigation...." (Pl.'s Brief in Opp'n to Mot. for Summ. J. ("Opp'n")
24   2:17-22.) Plaintiff further contends the Settlement Agreement contained
25   an implied covenant of good faith and fair dealing and an implied
26   covenant not to sue, which Defendant breached by filing the California
27   litigation, and the doctrine of res judicata barred Defendant from
28   filing his California action. (Id. 6:24-7:1, 7:15-26, 8:1-3, 9:20-24.)

A.   **Choice of Law**

Defendant contends Nevada law governs the instant motion. (Mot. 6 n.1.) Plaintiff did not address the choice of law issue in her opposition.

The basis of jurisdiction in this case is diversity. A federal court sitting in diversity jurisdiction "must look to the forum state's choice of law rules to determine the controlling substantive law. <u>Patton v. Cox</u>, 276 F.3d 493, 495 (9th Cir. 2002). In California, contracts are to be interpreted "according to the law and usage of the place where it is to be performed; or, if [the contract] does not indicate a place of performance, according to the law and usage of the place where it is made." Cal. Civ. Code § 1646; <u>see</u> <u>Frontier Oil Corp. v. RLI Ins. Co.</u>, 153 Cal.App.4th 1436,1459-60 (2007); <u>Pacific West Group, Inc. v. Real Time Solutions, Inc.</u>, 321 Fed.Appx. 566, 569 (9th Cir. 2008)[1]. "A contract indicates a place of performance within the meaning of section 1646 if the intended place of performance can be gleaned from the nature of the contract and its surrounding circumstances." <u>Frontier Oil Corp.</u>, 153 Cal.App.4th at 1450. The contract need not expressly specify a place of performance. <u>Id.</u>

Here, the Settlement Agreement was intended to be performed in Nevada since it concerned the settlement and dismissal of a Nevada state court action. Therefore, Nevada state law governs its interpretation.

B.   **Breach of Contract**

Under Nevada law, the construction and enforcement of a settlement agreement are governed by principles of contract law. <u>May v. Anderson</u>, 119 P.3d 1254, 1275 (2005). The elements of a breach of

---

[1]   This decision may be cited under Ninth Cir. Rule 36-3(b).

contract claim in Nevada are: 1) the existence of a valid contract, 2) a breach by the defendant, and 3) damage as a result thereon. <u>Saini v. International Game Tech.</u>, 434 F.Supp.2d 913, 919-20 (D. Nev. 2006). The "failure to perform one's obligations within the express terms of [the contract]" constitutes a breach of contract. <u>Id.</u> at 923.

"[W]hen a contract is clear on its face, it will be construed from the written language and enforced as written. The court has no authority to alter the terms of an unambiguous contract." <u>Canfora v. Coast Hotels and Casinos, Inc.</u>, 121 P.3d 599, 603 (2005). Further, parole evidence generally cannot be used to vary or contradict the terms of an unambiguous written contract. <u>Kaldi v. Farmers Ins. Exchange</u>, 21 P.3d 16, 21 (2001).

In this case, the Settlement Agreement is the only contract, which forms the basis of Plaintiff's breach of contract claim. (Pl's Compl. ¶ 24; Aff. of Michael K. Johnson in Supp. of Def.'s Mot. for Summ. J., Ex. 1, 2:25-4:5.) The Settlement Agreement consists of only 4 provisions, none of which addresses Defendant's ability to prosecute future litigation. (RJN, Ex. E.) Plaintiff does not dispute Defendant's contention that no express term of the Settlement Agreement prohibited Defendant from filing his California action. Instead, she argues her "reasonable expectations" were that "she was forever free of the claims of [Defendant]." (Opp'n 7:3-9.) However, since the terms of the Settlement Agreement are clear, the Court cannot alter them. "Had [Defendant] agreed not to sue[,] the agreement would have so stated." <u>American Bank Stationary v. Farmer</u>, 799 P.2d 1100, 1103 (1990)(the Nevada Supreme Court held a written agreement between a former employee and employer, which did not expressly waive the former employee's right to sue, did not prohibit him from doing so).

1    Since Defendant has not failed to perform his obligations
2 under the express terms of the Settlement Agreement, he did not breach
3 the contract. Therefore, Defendant has negated an essential element of
4 Plaintiff's breach of contract claim.

5        **C.   Implied Covenants**

6        Plaintiff argues Defendant's summary judgment motion should be
7 denied because the Settlement Agreement contained an implied covenant
8 not to sue and an implied covenant of good faith and fair dealing.
9 (Opp'n 6:13-16, 7:17-19.) Plaintiff contends Defendant breached both of
10 these implied covenants by filing his California lawsuit. (Id. 6:24-7:1,
11 7:24-26.)

12        Under both Nevada and California law, a claim for breach of
13 the implied covenant of good faith and fair dealing is separate from a
14 breach of contract claim. Cohen-Breen v. Gray Television Group, Inc.,
15 661 F.Supp.2d 1158, 1171 (D. Nev. 2009)(quoting J.A. Jones Constr. Co.
16 V. Lehrer McGovern Bovis, Inc., 89 P.3d 1009, 1016 (2004))("Under Nevada
17 law, a breach of the implied covenant of good faith and fair dealing
18 occurs where 'the terms of the contract are literally complied with but
19 one party to the contract deliberately countervenes the intention and
20 spirit of the contract.'"); Racine & Laramie, Ltd. v. Dept. of Parks &
21 Rec., 11 Cal.App.4th 1026, 1031-32 (1992)(Under California law, "the
22 covenant is implied as a *supplement* to the express contractual
23 covenants, to prevent a contracting party from engaging in conduct which
24 (while not technically transgressing the express covenants) frustrates
25 the other party's rights to the benefits of the contract.")(quotation
26 omitted)(emphasis in original).

27

28

1    Here, Plaintiff did not allege a breach of the implied
2  covenant of good faith and fair dealing claim in her Complaint.
3  Therefore, she cannot rely upon such a claim to oppose Defendant's
4  summary judgment motion. <u>See</u> <u>Wasco Products, Inc. v. Southwall</u>
5  <u>Technologies, Inc.</u>, 435 F.3d 989, 992 (9th Cir. 2006)(plaintiffs seeking
6  to toll statute of limitations based on an ongoing conspiracy could not
7  raise tolling argument for first time in opposition to summary judgment
8  motion when conspiracy not alleged in complaint). Further, Plaintiff has
9  not shown that a covenant not to sue is implied into settlement
10 agreements under California or Nevada law, or that it would not have to
11 be plead as a separate claim to be relied upon in opposition to
12 Defendant's summary judgment motion.

13        **D.   Res Judicata**

14        Plaintiff also argues in her opposition that dismissal of
15 Defendant's Nevada action was an adjudication on the merits, which
16 precluded Defendant from filing his California lawsuit. (Opp'n 8:1-3.)
17 Plaintiff has not shown how this argument is relevant to the instant
18 motion, however, since res judicata is an affirmative defense under both
19 Nevada and California law, which was appropriate to raise in the
20 California proceedings. <u>Schwartz v. Schwartz</u>, 591 P.2d 1137, 1139
21 (1979)("Res judicata is an affirmative defense that must be specifically
22 pleaded."); <u>Barragan v. Banco BCH</u>, 188 Cal.App.3d 283, 296 (1987)("[R]es
23 judicata is an affirmative defense that may be waived...."). Moreover,
24 Plaintiff is challenging the California state court judgment by making
25 this argument, and federal courts lack subject matter jurisdiction over
26 such de facto appeals of state court proceedings under the <u>Rooker-</u>
27 <u>Feldman</u> doctrine. <u>Kougasian v. TMSL, Inc.</u> 359 F.3d 1136, 1139 (9th Cir.
28 2004)("<u>Rooker-Feldman</u> prohibits a federal district court from exercising

subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.").

**V. CONCLUSION**

For the reasons stated above, Defendant has shown the absence of a genuine issue of material fact for trial. Therefore, Defendant's summary judgment motion is GRANTED.

Dated:  August 12, 2010

GARLAND E. BURRELL, JR.
United States District Judge